THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AUGUSTINE HERNANDEZ,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT (Phase II)**<br><br>Case No. 4:21-cr-00043-DN-JCB<br><br>District Judge David Nuffer |

　　　　This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in the context of the consequences of the Coronavirus Disease ("COVID-19") in the District of Utah. The effect of this pandemic was to suspend all in person hearings and criminal trials for over a year. This unprecedented court closure has created a substantial backlog of criminal trials.

　　　　Holding criminal jury trials is challenging under the COVID-19 conditions. Courts and court operations are necessarily social operations, involving many people. The ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial is significantly reduced by the pandemic and health agency requirements. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible in the physical facilities available to the court. Long exposure in confined spaces, which is inherent in trial, increases risk of infection. Video and audio conferencing, used for hearings, are not available for criminal trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced.

The court has made diligent preparations for resumption of in person proceedings including jury trials. Plexiglass barriers for in person hearings have been installed in all courtrooms, and two courtrooms in Salt Lake City and one in St. George are fully outfitted with barriers for jury trials.[1] Signage has been installed, and restrictions on courthouse entry are in place. A mock jury orientation, selection, and trial was conducted so that the court and personnel are ready – when the pandemic danger subsides enough to permit jury trial. A plan for resumption of jury trials, with many exhibits, has been posted by the court. Plans have been made for virtual voir dire, which would relieve the need for an entire jury panel to come into the court. Vaccines are becoming more rapidly available. But public compliance with masking and social distancing remains inconsistent and the effectiveness of the vaccines on COVID-19 variants is unknown. Therefore, trials must be conducted under COVID-19 safe protocols.[2]

When Utah's case count was declining late last summer, the court posted information on Resumption of Certain In-Person Court Proceedings consistent with plan for phased reopening outlined in General Order 20-021. The most recent General Order from Chief Judge Robert J. Shelby[3] moved the court to Phase II of its phased reopening plan effective April 1, 2021 and extended the postponement of most civil and criminal proceedings through June 30, 2021, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act for all criminal cases through June 30, 2021. Under that order, beginning April 29, 2021, the court will begin continuous, consecutive criminal jury trials—one trial at a time in the Federal courthouse in Salt Lake City. Trials are scheduled according to priority based on several

---

[1] *See* Forms for use in COVID-19 conditions at https://www.utd.uscourts.gov/southern-region-district-utah and the Courtroom photographs (https://www.utd.uscourts.gov/sites/utd/files/Courtroom%20photographs.pdf) (last visited April 1, 2021.

[2] *See* COVID-19 Trial Order Addendum at https://www.utd.uscourts.gov/sites/utd/files/COVID-19%20Trial%20Order%20Addendum.pdf (last visited April 1, 2021).

[3] General Order 21-003.

criteria, and additional criminal jury trials will be scheduled accordingly. The same prioritization of trials will occur in the courthouse in St. George. Prioritization of trials necessarily implies that some trials will occur before others.

## Exclusion of Time under the Speedy Trial Act

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[4] Such an exclusion of time is specifically prohibited "because of general congestion of the court's calendar."[5]

But these conditions are not "general congestion." The need to conduct trials safely and reduce the backlog of older cases with defendants in custody requires careful triage and prioritization of trials. Failure to take these precautions would result in a miscarriage of justice[6] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[7] Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial.[8] The time from the entry of General Order 20-009, March 16, 2020, to the new trial date will be excluded from Defendant's speedy trial computation.

While the Salt Lake City courthouse has entered Phase II, regular scheduling of trials is not possible due to COVID-19 restrictions limiting the Salt Lake City courthouse to one trial at a time, and the prioritization of trials in Salt Lake City by the Chief Judge. The Salt Lake City

---

[4] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

[5] 18 U.S.C. § 3161(h)(7)(C).

[6] 18 U.S.C. § 3161(h)(7)(B)(i).

[7] *Id*. § 3161(h)(7)(B)(iv).

[8] *Id*. § 3161(h)(7)(A).

courthouse is not reopened at this time, and will not be reopened until Phase III permits full resumption of criminal trials.

The parties were directed to indicate how much time after the court is open for trials would be needed to prepare for trial, using reasonable diligence, to allow witness and defendant contact, and other preparation.[9] The parties did not respond. Therefore, it is reasonably under the circumstances that trial be set within 30 days after General Order 21-003's exclusion of time under the Speedy Trial Act through June 30, 2021.

### ORDER

IT IS HEREBY ORDERED the 3-day jury trial previously scheduled to begin on June 7, 2021, is vacated, along with all trial related dates, including the final pretrial. The 3-day jury trial in this case is set for July 26, 2021, at 8:30 a.m. Final pretrial is set for July 19, 2021, at 10:00 a.m.

IT IS FURTHER ORDERED that the time from the entry of General Order 20-009, March 16, 2020, to the new trial date is excluded from Defendant's speedy trial computation.

Signed April 29, 2021.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[9] Docket Text Order, docket no. 21, filed Apr. 15, 2021.